UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **PATTON BOGGS LLP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **CIVIL ACTION NO. 2:12cv160** |
| | § | |
| **UPAID SYSTEMS, LTD.,** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

Plaintiff, PATTON BOGGS, LLP, presents the following claims and causes of action against Defendant UPAID SYSTEMS, LTD., as follows:

## INTRODUCTION

1. Plaintiff Patton Boggs LLP brings this Complaint seeking recovery of unpaid legal fees, including contractual interest on unpaid amounts. As of the date of this complaint, Patton Boggs is owed millions of dollars, with interest accruing as per the engagement agreement between the parties.

## PARTIES

2. Plaintiff Patton Boggs LLP ("Patton Boggs") is a limited liability partnership organized under the laws of the District of Columbia. Patton Boggs maintains several other offices, including an office in Texas, where several Patton Boggs partners reside.

3. Defendant Upaid Systems, Ltd. ("Upaid") is a company organized under the laws of the British Virgin Islands, with its principal offices in Tortola, British Virgin Islands and the United Kingdom.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Venue lies properly in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

5. Defendant Upaid is subject to personal jurisdiction because it utilized Patton Boggs' services in the State of Texas, sent communications into the State of Texas relating to the matters discussed in this Complaint and availed itself of the federal and state court system in this state in the course of utilizing Patton Boggs' services, as described below.

## FACTUAL BACKGROUND

6. On or about April 4, 2007, Upaid initiated fraud and patent infringement related litigation against Satyam Computer Service, Limited ("Satyam") in this Court in the case styled *Upaid Systems, Limited v. Satyam Computer Service, Limited*, Case No. 2:07-CV-00114-DF (the "Satyam Litigation").

7. Subsequently, Upaid discharged its initial legal counsel and retained Patton Boggs to become lead counsel in the Satyam Litigation, pursuant to a written engagement agreement dated May 30, 2007 ("the Engagement Agreement"). Patton Boggs' engagement was limited to representation in the Satyam Litigation and did not encompass general corporate or tax advice.

8. As detailed in the Engagement Agreement, Patton Boggs agreed that the normal hourly rates of the partners involved in the Satyam Litigation would be reduced by 40% from Patton Boggs' standard rates. The parties also agreed that:

> In return, Upaid additionally agrees to the following success fee applicable to any award of damages or settlement payment arising from this litigation: 4% of the gross of any damages award or settlement proceeds (or a value of any non-cash considerations) agreed to by an enforceable legal document prior to September 17,

    2007; 15% of the gross of any damages award or settlement payment (or a value of any non-cash considerations) thereafter.

The above provision, along with the remainder of the Engagement Agreement, is clear and unambiguous.

  9.  The Engagement Agreement also incorporated by reference the Patton Boggs Standard Terms of Engagement for legal services, which provided in relative part:

> We will bill you on a regular basis, ordinarily each month, for both fees and costs and expenses. We generally send our statements out in the second half of the month following the month to which the bill relates. Our statements are payable upon presentation. If any monthly statement is not paid in full within 30 days of its date, we may assess a late charge on the unpaid balance at the rate of 1.0% per month until full payment is made.

  10.  Patton Boggs zealously pursued the Satyam Litigation for several years, winning virtually all pre-trial motions and putting together a *prima facie* case of fraud and forgery against Satyam. The majority of the work Patton Boggs performed in the Satyam Litigation was through attorneys in the firm's Texas office and involved filings and hearings in this Court. In addition to the main proceeding in this Court, ancillary proceedings took place in state courts in Texas.

  11.  While the merits of Upaid's claims against Satyam were being favorably developed through the work of Patton Boggs, Satyam imploded in an Enron-like scandal. The Chairman of the Satyam board confessed to massive cooking of the corporate books, and Satyam, once one of the largest companies in India, was placed under the control of the Indian government. The ability of Upaid to collect on any possible judgment against Satyam, regardless of the size, was placed in serious doubt.

  12.  After the demise of Satyam, Upaid fell behind in payment of Patton Boggs' monthly statements. Upaid paid only a portion of the Patton Boggs' invoice covering third-party

services rendered in February 2009, and made no payments thereafter. During this time, Patton Boggs was gearing up for a trial setting.

13. The trial preparation was extensive. For example, the damage model for Upaid was premised upon Upaid proving that a multitude of third-parties were infringing upon Upaid's patents, which had been compromised by Satyam's fraud and forgery. Some months into the litigation, Satyam determined to challenge the infringement claims upon which Upaid's damage model would be based, resulting in a series of patent cases within a fraud and forgery case, and substantially increasing the scope of issues to be litigated and the total costs of the litigation.

14. As the delinquent bills mounted, Upaid intentionally induced Patton Boggs into continuing to work on the Satyam Litigation by promise of payments. Upaid also confirmed that it was not disputing the Patton Boggs' invoices, and re-confirmed the terms of the Engagement Agreement.

15. The Satyam case was settled shortly before trial through mediation. The initial settlement agreement was the result of late night negotiations and was in skeleton form. It was initially executed by the parties on July 18, 2009. The parties spent weeks thereafter trying to prepare a more formal and more expansive settlement agreement, but to no avail. Finally, the parties simply re-typed the original form and re-signed the settlement agreement in December 2009, with full board approval from both Satyam and Upaid.

16. The Satyam settlement involved substantial sums of money being paid to Upaid in two tranches. Upaid has received most of the settlement moneys, thus triggering the contingent fee portion of the Patton Boggs Engagement Agreement (15% of the gross amount received).

17.     Since mid-2009, Upaid has been delinquent in the payment of the agreed hourly rates and costs. During this two and one-half year period, Upaid continued to use Patton Boggs' legal services from time to time, and Patton Boggs continued in good faith to provide such services. These delinquent billings now total $3,152,534.63, exclusive of interest and any contingent fee due.

18.     On January 13, 2012, Patton Boggs made a final written demand on Upaid's corporate counsel for payment of moneys long due under the engagement letter, including agreed hourly bills and costs that had been invoiced, and the contingent fee due on settlement moneys received. No payment of any amount has been made in response to this final demand.

19.     Despite the clear terms of the Engagement Agreement, and Upaid's multiple promises and assurances that it would pay Patton Boggs, Upaid has failed and refused to live up to its obligations and its word. Patton Boggs has made reasonable efforts, prior to this suit, to collect from Upaid the moneys properly due and owing under the Engagement Agreement. These efforts have been to no avail, leaving Patton Boggs with no resort but to file this collection suit.

## COUNT I
## (BREACH OF CONTRACT)

20.     Each of the allegations contained in Paragraphs 1 through 19 of this Complaint are incorporated herein as if set forth in full.

21.     The Engagement Agreement is a valid and enforceable contract between Patton Boggs and Upaid.

22.     Patton Boggs has fully and properly performed all of its obligations under the Engagement Agreement, including diligently pursuing the Satyam Litigation and rendering its

invoices on a timely basis. All conditions precedent to Patton Boggs' entitlement to fees under the Engagement Agreement have occurred.

23. Upaid has materially and repeatedly breached its obligations under the Engagement Agreement by failing to pay the Patton Boggs invoices for agreed monthly fees, costs and expenses, by failing to pay the contingent fee due upon receipt of the settlement moneys, and by failing to pay interest on the unpaid amounts as agreed.

24. As a result of the foregoing, Patton Boggs has been damaged as follows: $3,152,534.63 in costs and hourly billings, plus 15% of the gross settlement moneys received or to be received by Upaid, along with interest accruing on the unpaid amounts at the contractual rate of 1% per month.

## COUNT II
### (DECLARATORY JUDGMENT -- ANTICIPATORY BREACH OF CONTRACT)

25. The allegations contained in Paragraphs 1 through 24 of this Complaint are reincorporated herein by references as if set forth in full.

26. Upon Upaid's receipt of future settlement moneys from Satyam, Patton Boggs will be due an additional contingency fee equal to 15% of such additional moneys. By failing to pay the amounts already due to Patton Boggs, Upaid has anticipatorily breached the remainder of its obligations under the Engagement Agreement, including the success payment that will be due for the remainder of the settlement payments from Satyam. Patton Boggs is thus entitled to full performance by Upaid at this time, including payment of the contingent fee for future settlement payments from Satyam.

27. A genuine, justiciable controversy exists between the parties regarding Upaid's obligation to pay the entirety of the success fee at this time due to its anticipatory breach of its past financial obligations under the Engagement Agreement. As authorized by the Texas

Uniform Declaratory Judgments Act, § 37.002 et seq of the Texas Civil Practice and Remedies Code, Patton Boggs seeks a declaratory judgment that it is currently entitled to the full amount of its contingent fee, including the 15% of future settlement payments.

## COUNT III
### (ATTORNEY'S FEES)

28. The allegations contained in Paragraphs 1 through 32 of this Complaint are reincorporated herein by reference as if set forth in full.

29. The Standard Terms of Engagement attached to and incorporated into the Engagement Agreement provide that:

> If collection activities are necessary, you agree to pay to us any costs we may incur in collecting the debt, including court costs, filing fees and a reasonable attorney's fee.

30. Accordingly, Patton Boggs seeks recovery of reasonable attorneys' fees for collecting the debt owed by Upaid pursuant to the express terms of the Engagement Agreement, and pursuant to sections 38.001 and 37.009 of the Texas Civil Practice & Remedies Code. All conditions precedent to the recovery of such fees have occurred, including but not limited to presentment and timely demand for payment.

## PRAYER FOR RELIEF

Wherefore, premises considered, Patton Boggs, as plaintiff, respectfully prays that the Defendant Upaid be cited to appear and answer herein and that Patton Boggs be granted the following damages and relief:

1) Money damages owed under the terms of that Engagement Agreement, including the unpaid monthly invoices for time and costs, and the full amount of the contingent fee of 15% of the gross moneys received and to be received in the Satyam settlement;

2) Pre-judgment and post-judgment interest as provided in the Engagement Agreement, and/or allowed by law;

3) A declaratory judgment as requested herein;

4) The costs and reasonable attorneys' fees incurred by Patton Boggs in pursuing this action; and

5) Such other relief, at law or in equity, to which Patton Boggs may be justly entitled to receive.

Dated:  March 26, 2012               Respectfully submitted,


/s/ John Ward, Jr.
T. John Ward, Jr.
LEAD ATTORNEY
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Bruce A. Smith
Texas State Bar No. 18542800
Email: bsmith@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email:  claire@wsfirm.com
J. Wesley Hill
Texas State Bar No. 24032294
Email: wh@wsfirm.com
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, TX 75606
Tel: (903) 757-6400
Fax: (903) 757-2323


**ATTORNEYS FOR THE PLAINTIFF**